Filed 1/15/16  P. v. Minton CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>RICKY WRIGHT MINTON,<br><br>　　　Defendant and Appellant. | A144668<br><br>(Solano County<br>Super. Ct. No. FCR310409) |

Defendant Ricky Wright Minton appeals his conviction for indecent exposure with a prior indecent exposure conviction. (Pen. Code, § 314, subd. (1).) His sole contention on appeal is that the trial court erred in admitting evidence of an uncharged prior sexual offense that assertedly lacks sufficient similarity to the charged offense to justify its admission. We do not agree and therefore shall affirm.

**Background**

Two witnesses testified at defendant's jury trial, one as to the charged offense and the other as to the prior uncharged offense.

As to the charged offense, Derrick Mapes testified that on October 6, 2014, he was shopping with his five-year-old son at Raley's Market in Suisun City. As he was leaving the store with his son in his shopping cart, he passed by defendant sitting on a nearby bench, and heard somebody say, "Hey, little boy, come here." He turned in the direction of the voice and saw defendant "with his pants down around his knees with his private parts in his hand. [¶] . . . [¶] . . . I just saw that he had his private parts in his hand, and he was addressing it towards my son . . . ."[1] When he returned his cart to the cart rack about

---

[1] Mapes testified that by "his private parts" he meant defendant's penis.

1

30 to 45 seconds later he saw that defendant had his pants back on. He then returned to his car and called the police.

Over defendant's objection, Elizabeth Weinstein testified to the uncharged offense. On November 12, 2007 she was walking with her 12-year-old son in the factory outlet stores in Vacaville. When her son stopped to pick up some change from the ground, defendant was sitting on a nearby bench. She heard defendant say, "Nice ass" and "I'd like to get that ass. I would like to fuck that ass. Hey, dumb fuck, there is money behind you, change behind you." Weinstein called to her son to come with her and defendant, calling the boy by the wrong name, spoke: "Jason, don't worry about that." As she and her son departed, Weinstein observed defendant following another child and making towards him "the same kinds of comments that were made to my son. Just inappropriate comments."

Prior to the start of trial, the court heard the prosecution's request to present evidence of the 2007 prior offense, pursuant to Evidence Code section 1108,[2] and the defendant's motion to exclude that evidence. Defendant cited *People v. Jandres* (2014) 226 Cal.App.4th 340 in support of its motion and urged the applicability of section 352. Defense counsel argued that "the instant offense factually, and as charged, does differ so much from the conduct in 2008 and from the case here in Solano, that it is very significant if you consider also the remoteness." To avoid undue consumption of time and to minimize undue prejudice, counsel argued alternatively that the jury should simply be advised that defendant was convicted of the prior offense without any testimony as to the facts of the offense. The court granted the prosecution's request and denied defendant's motion with the following explanation: "The fact that, in a previous instance, he engaged in a sexually-related request or commented toward another child victim in this case, is precisely the type of evidence that is contemplated under [section] 1108. [Section] 1108 tips the balance in favor of its admissibility. The only limitation seems to be [section]

---

[2] All further statutory references are to the Evidence Code.
 The prosecution initially indicated that it sought to present evidence of a second prior uncharged offense that had occurred in 2005, but withdrew that request at the hearing.

2

352, and given the nature and circumstances of what is at issue in this particular case, I don't think it will be unduly consumptive of time. I don't think it is so remote in time that it is stale. We're talking about something in 2008 versus some event that is alleged to have occurred in 2014. So it's closer in time, and the probative value of that is not outweighed substantially by the prejudicial impact in this case because, again, as the court has already noted, [section] 1108 has already made a determination that favors admissibility of that testimony. So I will allow it."

Following a brief trial, in which all the evidence was presented in a single afternoon, the jury found defendant guilty of the charged offense and the court found the prior conviction allegation to be true. The court subsequently sentenced defendant to imprisonment for the midterm of two years, and defendant timely appealed.

## Discussion

Defendant contends that the trial court erred in admitting evidence of his 2007 offense "because it lacked the requisite similarity to the charged offense to support the inference that [he] is predisposed to commit indecent exposure." He acknowledges that "[t]he facts of that conviction were highly similar to the alleged facts of this case" but, he asserts, "except for the crucial point that in the prior instance [he] *did not* expose his genitals."

Evidence Code section 1108, subdivision (a) provides: "In a criminal action in which the defendant is accused of a sexual offense, evidence of the defendant's commission of another sexual offense or offenses is not made inadmissible by section 1101, if the evidence is not inadmissible pursuant to Section 352." The section " ' "permits courts to admit such evidence on a common sense basis—without a precondition of finding a 'non-character' purpose for which it is relevant—and permits rational assessment by juries of evidence so admitted. This includes consideration of the other sexual offenses as evidence of the defendant's disposition to commit such crimes, and for its bearing on the probability or improbability that the defendant has been falsely or mistakenly accused of such an offense." ' " (*People v. Falsetta* (1999) 21 Cal.4th 903, 912.) While the probative value of the other crimes evidence depends on the relative

3

similarity between the charged and uncharged offenses (*id.* at p. 917, citing *People v. Balcom* (1994) 7 Cal.4th 414, 427), "there is no requirement that the charged and uncharged offenses be so similar that evidence of the prior acts would be admissible under section 1101. If such strict similarities were required, 'section 1108 would serve no purpose. It is enough the charged and uncharged offenses are sex offenses as defined in section 1108.' " (*People v. Hernandez* (2011) 200 Cal.App.4th 953, 966.) "[A]ny dissimilarities in the alleged incidents relate only to the weight of the evidence, not its admissibility." (*Id.* at p. 967.)

It is true, as defendant argues, that defendant did not expose himself in the prior incident, for which he was convicted of violating the same statute as in this case. Nevertheless, as the Attorney General argues and as the defendant acknowledges, there are distinctive similarities between the facts in the two cases. The record fully supports the Attorney General's argument that "[i]n both cases, [defendant] called attention to himself by making remarks to a young boy passing nearby. In the 2007 incident, [defendant] called attention to himself by making lewd remarks of an explicitly sexual nature. In the charged incident, he made a remark to a passing boy that was intended to draw attention to himself. Instead of saying something explicitly sexual, however, he exposed his penis. The intent in both incidents was the same—to obtain sexual gratification by observing boys and calling attention to himself in a sexual manner. Thus, although [defendant] had been charged with indecent exposure, it was the sexual gratification he experienced from his interaction with young boys that gave rise to the similarity, not the precise manner in which he obtained that gratification." The trial court did not abuse its discretion in ruling that the two offenses were sufficiently similar sexual offenses to permit the jury to consider the 2007 offense in determining whether defendant had the propensity to commit the charged offense. (E.g., *People v. Jandres* (2014) 226 Cal.App.4th 340, 354-355.)

Nor did the court abuse its discretion in ruling that section 352 did not require the exclusion of this evidence. As the trial court's explanation of its ruling quoted above makes clear, the court properly weighed the relevant factors in determining that admitting

evidence of the 2007 offense did not create a substantial danger of undue prejudice or threaten an unreasonable consumption of time. The 2007 offense, although shedding light on defendant's proclivities, was, if anything, less inflammatory than the charged offense, since it involved no physical exposure. (See, e.g., *People v. Loy* (2011) 52 Cal.4th 46, 62.) Prior offenses occurring far longer than seven years before the offense on trial have been held not to be too remote in time to justify consideration. (See *People v. Hernandez, supra,* 200 Cal.App.4th at p. 968.) And Weinstein's testimony, filling less than eight pages of transcript, certainly did not consume undue time or cause any distraction.

The facts in this case are far different from those in *People v. Jandres, supra,* 226 Cal.App.4th 340, on which defendant largely relies. In that case the Court of Appeal held that section 352 precluded admission of evidence of a prior uncharged offense that was of questionable relevance to the charge being tried. "At issue in defendant's trial was whether he forcibly raped Adriana, as she testified, or had consensual sex with her, as he maintained. Thus, the pertinent inquiry is whether evidence that defendant exhibited sexual interest in an 11-year-old girl by putting his finger in her mouth rationally supports an inference that defendant is predisposed to rape an 18-year-old woman. Given the many differences between the two offenses—including the circumstances (daytime attempted burglary in one case, possible stalking and attack at night in the other); the ages of the victims (11 and 18); and the nature of the conduct (inappropriate touching of the mouth in one case, rape in the other)—we think not." (*People v. Jandres, supra,* at p. 356.) The evidence of the prior offense in that case was strong whereas the evidence against the defendant in the case on trial was "comparatively less strong." (*Ibid.*) The appellate court concluded that the prejudicial effect of the evidence of the prior offense in that case "exceeded its comparatively low probative value." (*Id.* at p. 357.) Moreover, the court relied on the presence of other errors in holding that cumulative error required reversal. (*Id.* at p. 361.) Nothing comparable is true in the case before us.

**Disposition**

The judgment is affirmed.

5

_____

Pollak, J.

We concur:


_____

McGuiness, P. J.


_____

Siggins, J.